Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| El Pueblo de P.R.<br><br>Recurrido<br><br>vs.<br><br>Christian M. Bello Colón<br><br>Peticionario | KLCE202400183 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Crim. Núm.: ISCR201800601 y otros<br><br>Sobre:<br>Art. 3.1<br>Ley 54 y otros |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Juez Díaz Rivera.

Rivera Colón, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2024.

Comparece ante nos el señor Christian M. Bello Colón, en adelante Sr. Bello Colón o parte peticionaria, quien presenta un recurso de *Certiorari*, en el que solicita la revocación de la "Orden" dictada el pasado 19 de enero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante la "Orden" recurrida el Tribunal de Instancia concluyó que la solicitud de nuevo juicio al amparo de la Regla 192.1 de Procedimiento Criminal, *infra,* presentada por el confinado ya había sido atendida por dicho foro, mediante la "Orden" dictada el 24 de agosto de 2022[1].

En atención a lo anterior, prescindimos a la parte recurrida de presentar su alegato[2]. De igual forma, a pesar de la parte peticionaria no haber presentado el formulario OAT 1480, en solicitud para comparecer *in forma pauperis*, por excepción, le

---

[1] Véase Apéndice, pág. 1.
[2] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5)

Número Identificador

SEN2024 _____

eximimos de completarlo y declaramos que, por su condición de confinado, se acepta su comparecencia en dicha forma. Se advierte que, en próximas ocasiones, deberá cumplimentar el formulario correspondiente para poder comparecer sin el pago de derechos y costas[3].

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, expedimos el auto *certiorari* y confirmamos la orden recurrida, por los fundamentos que expondremos a continuación.

**-I-**

La parte peticionaria, se encuentra confinado en una Institución Correccional extinguiendo una sentencia condenatoria por infringir, entre otros, el Art. 5.04 de la Ley Núm. 404-2000, según enmendada, conocida como Ley de Armas de Puerto Rico, 25 LPRA sec. 455 *et seq.*[4]

El Sr. Bello Colón solicita revoquemos la "Orden" dictada el pasado 19 de enero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. En ésta el Foro de Instancia concluyó que "[l]o solicitado por el convicto en esta Moción ya lo fue en junio de 2022, y resuelto el 24 de agosto de 2022". La moción a la cual hace referencia esta "Orden" no fue incluida en el apéndice de la petición, por lo que, desconocemos su contenido y alcance.

No pese a lo anterior, surge del apéndice la "Orden" dictada el 24 de agosto de 2022, a la cual hace referencia de la "Orden" recurrida. De ésta se desprende que el Tribunal de Instancia denegó lo solicitado por el Sr. Bello Colón en el escrito titulado "Moción al amparo de la Regla 192 de Procedimiento Criminal del Código (2012)".

---

[3] Véase la Regla 78 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 78
[4] Derogada y sustituida por la Ley Núm. 168-2019, 25 LPRA Sec. 461 *et seq.*

Si bien la parte peticionaria no ha puesto a este Tribunal en posición de conocer el alcance y contenido de todos los escritos presentados ante el Foro de Instancia, vista la determinación recurrida concluimos que el Sr. Bello Colón debió recurrir a este foro al momento de recibir la "Orden" dictada el 24 de agosto de 2022. Atenderlo iría en contra de todas las reglas procesales que atienden los recursos apelativos ante este Tribunal. Veamos:

**-II-**

**-A-**

Las Reglas de Procedimiento Criminal persiguen que las controversias ante los foros judiciales sean resueltas de forma justa y evitando dilaciones y gastos injustificados, 34 LPRA Ap. II, R. 1. Por su parte, la Regla 192 de Procedimiento Criminal, provee al acusado un remedio, para cuando "[d]espués de dictar sentencia sobreviene el conocimiento de nuevos hechos o de nuevos elementos de prueba de tal naturaleza que evidencien la inocencia del condenado", 34 LPRA Ap. II, R. 192. Nótese que el remedio provisto por esta Regla no garantiza que la persona sentenciada sea dejada en libertad, sino que el sentenciado viene obligado a presentar hechos o elementos del derecho que, con toda posibilidad prueben y modifiquen el dictamen.

Por su parte, la Regla 192.1 de Procedimiento Criminal, provee a cualquier persona que se encuentre detenida, luego de recaída una sentencia condenatoria, a presentar, en cualquier momento, una moción ante el foro sentenciador, con el fin de anular, dejar sin efecto o corregir la determinación impugnada, ordenar la libertad del peticionario, dictar nueva sentencia o conceder nuevo juicio, según sea el caso. *Pueblo v. Torres Cruz,* 194 DPR 53, 58 (2015); *Pueblo v. Marcano Parrilla,* 152 DPR 557, 568-571 (2000); *Correa Negrón v. Pueblo,* 104 DPR 286, 292 (1975). Específicamente, el mencionado precepto legal, autoriza a

cualquier persona que se halle detenida en virtud de una sentencia dictada por cualquier Sala del Tribunal de Primera Instancia a presentar una moción a tenor con su derecho a ser puesto en libertad, debido a que: (a) la sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución o las leyes de Estados Unidos; o (b) el tribunal no tenía jurisdicción para imponer dicha sentencia; o (c) la sentencia impuesta excede la pena prescrita por la ley, o (d) la sentencia está sujeta a ataque colateral por cualquier motivo. Regla 192.1 de las Reglas de Procedimiento Criminal, *supra.*

Este procedimiento únicamente está disponible cuando la sentencia adolece de un defecto fundamental que conlleva inevitablemente un fracaso de la justicia, o un resultado inconsistente con los principios básicos del debido proceso de ley. De ningún modo sustituye el procedimiento ordinario de la apelación como método para corregir los errores de derecho, los errores cometidos en el juicio, ni para alegar la inocencia del peticionario. Véase: *Pueblo v. Román Mártir*, 169 DPR 809, 823-824 (2007).

A su vez, añade la referida Regla 192.1 de Procedimiento Criminal*, supra,* que "el tribunal sentenciador no vendrá obligado a considerar otra moción presentada por el mismo confinado para solicitar el mismo remedio".

Según reseñado, la moción al amparo de la Regla 192.1 de Procedimiento Criminal no puede ser utilizada como un subterfugio para presentar recursos apelativos. Por el contrario, surge del mismo cuerpo de normas procesales que la apelación de una orden o resolución al amparo de las Reglas citadas, no está exenta de cumplir con el término jurisdiccional de 30 días.

Nótese que, el hecho del peticionario ser un recluso no le exime de cumplir con el término jurisdiccional impuesto en las Reglas de Procedimiento Criminal[5].

**-B-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001). Para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, *id*, dispone lo siguiente:

> *El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*
>
> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.* (4 LPRA Ap. XXII-B)

El Tribunal de Apelaciones sólo intervendrá en el ejercicio de la discreción del Tribunal de Primera Instancia en aquellas situaciones en que se demuestre que este último: (1) actuó con perjuicio o parcialidad, (2) incurrió en un craso abuso de

---

[5] Véase la Regla 195 de Procedimiento Criminal, 34 LPRA Ap. II, R. 195.

discreción o (3) se equivocó en interpretar o aplicar cualquier norma procesal o de derecho sustantivo. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

Asimismo, en el Art. 4.002 de la Ley de la Judicatura del año 2003, Ley Núm. 201 – 2003, según enmendada, 4 LPRA sec. 24u en relación a la competencia del Tribunal de Apelaciones, se establece la importancia de brindar acceso fácil, económico y efectivo a la ciudadanía, así como permitir la comparecencia efectiva de ciudadanos por derecho propio. *Fraya v. A.C.T.,* 162 DPR 182, 189-190 (2004); *Salinas v. S.L.G. Alonso,* 160 DPR 647, 658 (2003). No obstante, por razón de las comparecencias *in forma pauperis,* no podemos obviar normas que rigen la presentación de los recursos. El Tribunal Supremo de Puerto Rico resolvió en el normativo *Febles v. Romar,* 159 DPR 714, 722 (2003), que el hecho de que las partes acudan a un tribunal por derecho propio, por sí sólo, no justifica el incumplimiento de éstas con las reglas procesales. Máxime cuando la omisión del peticionario incide en la jurisdicción de este Tribunal.

En esa misma línea, la Regla 34 (E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34(E) exige al peticionario la presentación de ciertos documentos. Lo anterior con el fin de que este Tribunal se encuentre en posición de atender las controversias planteadas ante su consideración.

En particular se requiere que presente copia literal de,

1) *Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:*
   a) *Las alegaciones de las partes, a saber: Página 48*
      i. *en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;*
      ii. *en casos criminales, la denuncia y la acusación, si la hubiere.*
   b) *La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la*

*notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.*

c) *Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.*

d) *Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta.*

e) *Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.*
*Id*

En reiteradas ocasiones el Tribunal Supremo se ha expresado en cuanto a la necesidad de cumplir fielmente las disposiciones reglamentarias de los Tribunales. *Arriaga v. F.S.E.* 145 DPR 122, 130 (1998). En fin, no podemos ignorar que las determinaciones judiciales gozan de una presunción de corrección que sólo podrán ser rebatidas con la presentación de prueba en contrario. *Pueblo v. Pérez Delgado*, 211 DPR 654, 21 (2023).

**-III-**

Según el trámite procesal reseñado, el Sr. Christian M. Bello Colón, nos requiere que revoquemos la "Orden" dictada el 19 de enero de 2024. En ésta el Foro de Instancia dispuso de lo planteado por la parte peticionaria en el escrito titulado "Moción al amparo de la Regla 192.1 de Procedimiento Criminal". Surge de la "Orden" recurrida que, la solicitud de la parte peticionaria fue atendida por el Tribunal de Primera Instancia en una "Orden" dictada el 24 de agosto de 2022.

El Sr. Bello Colón incluyó en su Apéndice la "Orden", 24 de agosto de 2022, a la cual hace referencia la "Orden" recurrida. De ésta se desprende que el Tribunal de Instancia atendió la "Moción al amparo de la Regla 192 de Procedimiento Criminal del Código (2012)" y determinó que "[l]a alegación pre-acordada fue por el

delito 5.04 (modalidad de 5 años).  La pena impuesta no fue duplicada.  No procede lo solicitado". [6]

Así las cosas, ante el incumplimiento de la parte peticionaria en presentar todas las mociones donde se discuta expresamente cualquier asunto planteado en el auto *certiorari,* no procede revocar la "Orden" recurrida.  4 LPRA Ap. XXII-B, R. 34(E)  Por el contrario, la presunción de corrección de las determinaciones judiciales no se debe tomar livianamente.  Siendo así, le correspondía a la parte peticionaria rebatir la corrección de la "Orden" recurrida con prueba a esos efectos.

### -IV-

Por los fundamentos expuestos, los cuales hacemos formar parte de este dictamen, expedimos el auto de *Certiorari* solicitado por el Sr. Christian M. Bello Colón, y confirmamos la "Orden" recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Véase Apéndice, pág. 1