JOSÉ LUIS SALINAS, demandante y recurrido, *v.* ELÍAS ALONSO ESTRADA, su esposa, FULANA DE TAL, y la SOCIEDAD LEGAL DE GANANCIALES que ambos constituyen, demandada y peticionaria.

*Número:* CC-2003-633          *Resuelto:* 13 de noviembre de 2003

*Alberto Arroyo Cruz* y *Cintia Mariana Ojeda Martínez*, abogados de la parte peticionaria; *Pablo J. Santiago Hernández*, abogado de la parte recurrida.

PER CURIAM: En el caso de autos, el Tribunal de Circuito de Apelaciones desestimó el recurso de apelación en vista de que la parte recurrente omitió incluir en el apéndice

dos páginas de la Sentencia del Tribunal de Primera Instancia. Por estimar que a la luz de los hechos ante nuestra consideración, desestimar el recurso fue una determinación drástica y desproporcionada en comparación con la referida omisión, revocamos la decisión del foro apelativo.

En estos casos, en los cuales incumplir con el Reglamento del Tribunal de Circuito de Apelaciones no impide que ese foro determine su jurisdicción y los méritos de la controversia planteada, se debe proveer a la parte recurrente un término razonable, que usualmente no debe exceder de cinco días, a partir de la notificación del tribunal apelativo, para subsanar el incumplimiento reglamentario, en lugar de desestimar el recurso.

## I

El Sr. José Luis Salinas (en adelante señor Salinas) presentó ante el Tribunal de Primera Instancia una acción de cobro de dinero contra el Sr. Elías Alonso Estrada, su esposa y la sociedad legal de gananciales compuesta por ambos (en adelante y conjuntamente señor Alonso Estrada). Reclamó el pago de un préstamo que le hizo a los referidos codemandados, más los intereses acumulados.

El señor Alonso Estrada contestó la demanda y alegó, entre otras cosas, la ausencia de una causa de acción a favor del demandante; prescripción de la deuda o caducidad; falta de jurisdicción sobre la persona y la materia objeto del litigio, y usura. Luego de que se presentara dicha contestación, el señor Salinas le solicitó al tribunal de instancia que dictara una sentencia sumaria a su favor. El señor Alonso Estrada no se opuso a esta solicitud, a pesar de una orden del tribunal a esos efectos.

Así las cosas, el tribunal de instancia resolvió que como el señor Alonso Estrada no negó los hechos evidenciados por los documentos anejados a la solicitud de sentencia sumaria, ni la contestó, procedía declararla con lugar. A

tales efectos, el foro de instancia declaró con lugar la demanda en cobro de dinero y ordenó el pago del balance pendiente del préstamo, más los intereses acumulados. Asimismo, luego de determinar que el señor Alonso Estrada fue temerario en la tramitación de la acción en su contra, lo condenó al pago de costas, gastos y honorarios de abogado.

Inconforme con esta sentencia, el señor Alonso Estrada acudió ante el Tribunal de Circuito de Apelaciones mediante un recurso de apelación. Allí alegó que erró el tribunal de instancia al acoger favorablemente la moción de sentencia sumaria del señor Salinas, dado que no estaban presentes los requisitos que dispone para eso la Regla 36 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III. Sostuvo, además, que no procedía dictar sentencia a favor del señor Salinas porque el tribunal carecía de jurisdicción sobre la materia por tratarse de un contrato de préstamo perfeccionado y ejecutado en el estado de la Florida, al cual le aplican las leyes federales, o que en todo caso, procedía aplicar la ley de ese estado y no la de Puerto Rico. Por último, impugnó la determinación de temeridad y la correspondiente imposición de honorarios de abogado.

El señor Salinas, por su parte, presentó una moción de desestimación ante el foro apelativo. Señaló, en síntesis, que el apéndice del recurso que presentó el señor Alonso Estrada estaba incompleto y, por lo tanto, procedía desestimarlo por falta de jurisdicción, porque no se perfeccionó dentro del término jurisdiccional de treinta días. En específico, indicó que le faltaron la segunda y quinta de las cinco páginas de la Sentencia del Tribunal de Primera Instancia. El señor Alonso Estrada se opuso a la moción de desestimación de la apelación bajo el fundamento de que las páginas omitidas no eran esenciales para adjudicar las cuestiones plateadas.[1]

Visto lo anterior, el Tribunal de Circuito de Apelaciones

---

[1] Adjunto a esta réplica a la solicitud de desestimación se presentaron las páginas omitidas en el apéndice del recurso.

desestimó el recurso presentado. Concluyó que carecía de jurisdicción porque faltaba la parte dispositiva de la sentencia de la cual se recurrió. En su Sentencia el foro intermedio expresó que las páginas omitidas en el apéndice eran "fundamentales" para atender la controversia planteada, "pues es en dichas páginas que se encuentra la parte dispositiva de la sentencia y de ningún otro documento del apéndice se puede colegir lo dispuesto en la misma".

Oportunamente, el señor Alonso Estrada acudió ante nos. Planteó que incidió el Tribunal de Circuito de Apelaciones al determinar que carecía de jurisdicción en el caso de autos. Luego de evaluar su petición de *certiorari*, decidimos revisar la decisión del tribunal apelativo y, a tenor con la Regla 50 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXII–A, procedemos a resolver sin trámite ulterior.

En esta instancia debemos precisar, en definitiva, el curso de acción que debe seguir el Tribunal de Circuito de Apelaciones en casos como el presente, en los que la omisión en el cumplimiento con el Reglamento de ese tribunal al presentar un recurso no es de tal magnitud que requiera la sanción drástica de la desestimación. Veamos.

II

Las formalidades y los procedimientos referentes a los recursos de apelación están provistos en el Reglamento del Tribunal de Circuito de Apelaciones de 1996[2] y en las Reglas de Procedimiento Civil de Puerto Rico.[3] En cuanto al asunto ante nuestra consideración, la Regla 53.1(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que el recurso de apelación ante el Tribunal de Circuito de Apelaciones debe presentarse dentro de los próximos treinta días a partir del archivo en autos de una copia de la

---

[2] 4 L.P.R.A. Ap. XXII–A.

[3] 32 L.P.R.A. Ap. III.

notificación de la sentencia apelada. Véase, además, Regla 13(A) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII–A. Este es un término jurisdiccional —improrrogable— lo cual implica que su incumplimiento es fatal. Íd.

Entre los requisitos que se proveen para todo escrito de apelación está incluir un apéndice. Reglas 53.2(a)(9) y 54.4(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III; Regla 16(E) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII–A (ed. 1998). Como el término para presentar el recurso de apelación es jurisdiccional, el apéndice del recurso se debe presentar de manera completa y correcta dentro de este mismo término. *Cruz Castro v. Ortiz Montalvo*, 154 D.P.R. 47 (2001). De lo contrario, el recurso no se habrá perfeccionado y el tribunal carecerá de jurisdicción para dilucidarlo en sus méritos. *Cruz Castro v. Ortiz Montalvo*, supra.

■ En cuanto a la importancia del apéndice como parte del escrito de apelación, hemos resaltado que es crucial para que el tribunal apelativo verifique el cumplimiento con los términos procesales vigentes. *Córdova v. Larín*, 151 D.P.R. 192 (2000). Conforme a esto, el apéndice debe incluir, entre otras cosas, copia literal de la sentencia del foro de instancia, cuya revisión se solicita, con su respectiva copia de la notificación del archivo en autos. Regla 54.4(b)(2) de Procedimiento Civil, 32 L.P.R.A. Ap. III; Regla 16(E)(1)(b) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII–A (ed. 1998). De lo anterior podemos colegir que el propósito de este requisito en particular es que el tribunal revisor constate su jurisdicción y, a la vez, tenga copia literal del fallo apelado para poder adjudicar los méritos del recurso, fundamentándose en información de primera mano; esto es, la decisión del tribunal recurrido.

Tanto el referido Reglamento del Tribunal de Circuito de Apelaciones como las Reglas de Procedimiento Civil disponen para que el foro intermedio sancione a la parte re-

currente que no cumpla a cabalidad con las formalidades y los procedimientos en la presentación de solicitudes de apelación, como por ejemplo, la omisión de parte o todo el apéndice. Regla 53.1(l) de Procedimiento Civil, 32 L.P.R.A. Ap. III; Regla 83(c) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII–A. Una de las sanciones provistas es la desestimación de la solicitud de apelación presentada. Íd.

◼ Al revisar las instancias específicas en que el referido foro apelativo desestimó el recurso presentado por incumplimiento con las disposiciones reglamentarias pertinentes al apéndice, hemos utilizado, como norma general, un enfoque pragmático. Esto es el resultado del balance entre la norma de que los casos se resuelvan de manera justa, rápida y económica, y la obligación de los tribunales de promover la solución de las controversias en sus méritos y la consecución de la justicia. *Soc. de Gananciales v. García Robles*, 142 D.P.R. 241, 260 (1997).

En consideración a ese enfoque, hemos expresado que

> … como regla general, el mecanismo procesal de la desestimación como sanción debe utilizarse como último recurso. *Por consiguiente, cuando el tribunal utiliza dicho mecanismo procesal en casos de incumplimiento con su Reglamento, debe cerciorarse primero que el incumplimiento haya provocado un impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos. De esta manera se concilian el deber de las partes de cumplir con los reglamentos procesales y el derecho estatutario de todo ciudadano a que su caso sea revisado por un panel colegiado de tres jueces. Con este balance en mente, el tribunal apelativo puede y debe usar medidas intermedias menos drásticas dirigidas al trámite y perfeccionamiento diligente de los recursos de apelación.* (Énfasis suplido.) *Román et als. v. Román et als.*, 158 D.P.R. 163, 167–168 (2002).

◼ A esos efectos, véanse además: *Pueblo v. Rodríguez Ruiz*, 157 D.P.R. 288 (2002); *S.L.G. v. Mun. de Guaynabo*, 154 D.P.R. 98 (2001); *Cruz Castro v. Ortiz Montalvo*, supra; *Esquilín v. Alcalde Mun. de Carolina*, 150 D.P.R. 204 (2000); *Soc. de Gananciales v. García Robles*, supra;

*Banco Popular de P.R. v. Pellicier,* 140 D.P.R. 45 (1996); *Santos y otros v. Mun. de Comerío,* 140 D.P.R. 12 (1996); *López Rivera v. Rivera Díaz,* 141 D.P.R. 194 (1996). En estos casos se reitera que la sanción de la desestimación como consecuencia del incumplimiento con ciertas disposiciones del reglamento del foro apelativo intermedio debe ser un mecanismo de último recurso. *Soc. de Gananciales v. García Robles,* supra, pág. 259. Antes de imponer una sanción tan drástica, el tribunal debe considerar, sopesar y balancear todos los intereses involucrados y asegurarse que el incumplimiento sea de tal gravedad que, efectivamente, amerite que se desestime el recurso. *Soc. de Gananciales v. García Robles,* supra; *S.L.G. v. Mun. de Guaynabo,* supra.

Por consiguiente, no cualquier omisión en el cumplimiento con las normas reglamentarias referentes al apéndice, por somera que sea, justifica que el tribunal apelativo desestime el recurso. Según nuestra jurisprudencia, procede sancionar con la desestimación el recurso sólo cuando los documentos omitidos sean esenciales para verificar los términos jurisdiccionales para presentar el recurso, se trate de una omisión cuantitativamente sustancial, los documentos omitidos sean esenciales para la comprensión de las cuestiones planteadas o éstos hagan ininteligible el recurso en su totalidad. Véanse, por ejemplo: *Cruz Castro v. Ortiz Montalvo,* supra (la omisión de diecisiete cartas en el apéndice no justificaban la desestimación por tratarse de información que no era necesaria para atender el planteamiento medular de los peticionarios); *Román et als. v. Román et als.,* supra (a pesar de no haberse incluido en el apéndice la contestación a la demanda, una solicitud de intervención y una moción de reconsideración, entre otros documentos, no procedía desestimar el recurso, pues ninguno de éstos provocó un impedimento real y meritorio para atender el caso en sus méritos); *Codesi, Inc. v. Mun. de Canóvanas,* 150 D.P.R. 586 (2000) (procedía desestimar porque los documentos omitidos eran esenciales); *Córdova v. Larín,* supra (omitir cincuenta y tres páginas de las

ciento siete páginas que debía tener el apéndice es un incumplimiento sustancial; las páginas omitidas eran, además, "cruciales", "necesarias" y "esenciales"); *Santos y otros v. Mun. de Comerío*, supra (el tribunal intermedio abusó de su discreción al desestimar un recurso en el que se incluyeron documentos a espacios sencillos que posteriormente fueron sustituidos).

■ A estos mismos efectos, en *S.L.G. v. Mun. de Guaynabo*, supra, pág. 111, expresamos:

> Nuestro norte en estas situaciones es el principio rector de que las controversias judiciales, en lo posible, se atiendan en los méritos. Nos anima el interés y propósito de hacer viable el derecho de los litigantes a que las sentencias emitidas por el Tribunal de Primera Instancia puedan ser revisadas en apelación por un tribunal colegiado, tomando en consideración la necesidad del Tribunal de Circuito de Apelaciones de promover su adecuado funcionamiento y asegurar la atención justa, rápida y económica de esos recursos. Por lo tanto, intimamos a ese Tribunal para que evalúe qué tipo de sanción, si alguna, ha de imponerse por el incumplimiento de ciertas disposiciones de su reglamento para el trámite y perfeccionamiento de un recurso de apelación, que no contienen requisitos jurisdiccionales o de cumplimiento estricto, cuyo incumplimiento no impide que se le dé seguimiento al recurso o que puedan ser atendidos sus méritos, y que no conllevan, a su vez, la desestimación automática del recurso de apelación, a tenor de la normativa ya pautada por este Tribunal. (Escolio omitido.) Véase, además, *Soc. de Gananciales v. García Robles*, supra.

Todo lo anterior es cónsono con la derogada Ley de la Judicatura de Puerto Rico de 1994 (Ley de la Judicatura de 1994), 4 L.P.R.A sec. 22 *et seq.*, y la nueva Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (Ley de la Judicatura de 2003).[4] En ambas leyes se destaca la intención legislativa de que un tribunal colegiado puede revisar todas las decisiones de los tribunales de

---

[4] Se aprobó el 22 de agosto de 2003 mediante la Ley Núm. 201. Derogó, entre otras cosas, el Plan de Reorganización de la Rama Judicial Núm. 1 de 28 de julio de 1994, conocido como Ley de la Judicatura de 1994. Su vigencia fue efectiva noventa días después de la fecha de su aprobación. Como es evidente, el caso de autos surge al amparo de la Ley de la Judicatura de 1994. No obstante, acudimos como referencia a ambas legislaciones para guiarnos en la adjudicación de esta controversia.

instancia. Véanse: *Soc. de Gananciales v. García Robles*, supra, pág. 252; el Art. 4.002 de la Ley de la Judicatura de 2003, Ley Núm. 201 de 23 de agosto de 2003, Leyes de Puerto Rico, págs. 970 y 984. En específico, en la Exposición de Motivos de la Ley de la Judicatura de 1994 se expresa que el propósito de la ley es "[c]onceder el derecho de apelación a los ciudadanos en casos civiles y criminales, extendiéndose a todo puertorriqueño afectado adversamente por una decisión de un tribunal el derecho a que un panel apelativo de un mínimo de tres jueces revise esa decisión ...". Exposición de Motivos, 1994 (Parte 3) Leyes de Puerto Rico 2800, 2801. Véase, además, *Depto. de la Familia v. Shrivers Otero*, 145 D.P.R. 351 (1998).

Por su parte, la recién aprobada Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 es aún más contundente en imponerle al Tribunal de Circuito de Apelaciones la obligación de velar por que las controversias se vean en sus méritos y por que los ciudadanos tengan un acceso efectivo a la justicia libre de obstáculos formalistas. Con ese fin expresa:

> El Tribunal [de Circuito] de Apelaciones cumplirá el propósito de proveer a los ciudadanos de un foro apelativo mediante el cual un panel de no menos de tres (3) jueces revisará, como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia ....
>
> *El Tribunal de Circuito de Apelaciones deberá cumplir con el objetivo de esta Ley de dar mayor acceso a la ciudadanía a los procesos judiciales. Deberá ofrecer acceso fácil, económico y afectivo a sus procedimientos, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos.* (Énfasis suplido.) Art. 4.002 de la Ley de la Judicatura de 2003, *supra*, págs. 984–985.

Debemos entonces considerar que una aplicación inflexible e indiscriminada del Reglamento del Tribunal de Circuito de Apelaciones podría dejar sin efecto la intención legislativa de las referidas leyes en cuanto a que las decisiones de los foros de instancia las pueda revisar un tribunal intermedio colegiado y de garantizar a la ciudadanía un acceso más amplio y efectivo a la justicia. Esto es aún

más patente cuando estamos ante casos en los cuales el recurso se presentó a tiempo ante el foro apelativo y la omisión en el cumplimiento con los requisitos reglamentarios no impide que se calculen los términos jurisdiccionales y puede ser subsanada con facilidad y prontitud.

A la luz de la discusión anterior, veamos la controversia ante nos.

## III

En esta ocasión debemos disponer, en definitiva, normas claras que sirvan de guía al foro apelativo en casos como el presente, a la luz de nuestra facultad para proveer soluciones procesales cuando sea necesario para facilitar la administración de la justicia y la solución justa, rápida y económica de los trámites judiciales.[5] *Vives Vázquez v. E.L.A.*, 142 D.P.R. 117, 140 (1996). Véase, además, Regla 71 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Veamos.

En el caso de autos, el Tribunal de Circuito de Apelaciones desestimó el recurso de apelación que presentó el señor Alonso Estrada porque se omitió incluir en el apéndice del recurso las páginas dos y cinco de la Sentencia del Tribunal de Primera Instancia. El foro apelativo determinó que las constancias de las referidas páginas eran "fundamentales" para atender la controversia planteada y que, además, su omisión hizo "ininteligible" la sentencia apelada. Por lo tanto, concluyó que estaba impedido de considerar la corrección de los planteamientos ante su consideración.

El señor Alonso Estrada fundamentó su apelación ante el referido foro en que se dictó sentencia sumaria en ausencia de los requisitos que dispone la Regla 36 de Procedi-

---

[5] Aunque en el caso de autos estamos aplicando la anterior Ley de la Judicatura de 1994, sobre este particular la Ley de la Judicatura de 2003 no ha hecho cambios que afecten lo que estamos disponiendo. Al respecto, uno de los objetivos fundamentales de la Ley de la Judicatura de 2003 dispone para que la Rama Judicial opere bajo un sistema de manejo de casos de forma efectiva y rápida, sin menoscabar los derechos sustantivos y procesales de la ciudadanía. Art. 1.002 de la Ley de la Judicatura de 2003, *supra*, pág. 974.

miento Civil de Puerto Rico; que no procedía dictar senten-
cia a favor del señor Salinas porque el tribunal carecía de
jurisdicción sobre la materia por tratarse de un contrato de
préstamo perfeccionado y ejecutado en el estado de la Flo-
rida, al cual le aplican las leyes federales, o que en todo
caso, procedía aplicar la ley de ese estado y no la de Puerto
Rico, y que no procedía la determinación de temeridad y la
correspondiente imposición de honorarios de abogado.

Para evaluar la controversia ante nuestra considera-
ción, pasemos entonces a revisar el contenido de las pági-
nas omitidas en el apéndice en contraste con los planea-
mientos que se presentaron en el recurso de apelación.

Primero, la página dos de la sentencia del tribunal de
instancia contiene cuatro párrafos que narran varios inci-
dentes procesales y tres párrafos de determinación de
hechos. En los primeros, el tribunal de instancia expone
las defensas afirmativas que se levantaron en la contesta-
ción a la demanda; informa la presentación de una moción
de sentencia sumaria y la denegatoria del tribunal al señor
Alonso Estrada de una solicitud para relevarlo de oponerse
a esa moción, y explica que el tribunal le impuso al señor
Salinas una fianza de no residente, la cual se prestó. Por
último, en esta primera parte de la página dos, la senten-
cia de instancia señala que como el señor Alonso Estrada
no se opuso a la moción de sentencia sumaria, el tribunal
la acogió favorablemente para el señor Salinas.

Las tres determinaciones de hecho incluidas en la pá-
gina dos de la sentencia en cuestión se refieren a: (1) que el
señor Alonso Estrada recibió del señor Salinas un prés-
tamo por la cantidad de doce mil quinientos dólares; (2)
que el señor Alonso Estrada se obligó a reintegrar esa can-
tidad en un plazo de cinco meses y a pagar, además, inte-
reses a base del uno por ciento sobre la tasa preferencial
fluctuante de Estados Unidos de América, y (3) que el se-
ñor Alonso Estrada firmó un pagaré a esos efectos, el cual
se unió a la moción de sentencia sumaria.

Segundo, en la página cinco de la sentencia del tribunal
de instancia constan dos líneas en las que se especifica la

cuantía impuesta en concepto de gastos, costas y honorarios de abogado. La determinación de temeridad y de imposición de honorarios de abogado está incluida en la página anterior, que sí formó parte del apéndice del recurso. También, como es de suponer, en esta página número cinco consta el lugar y la fecha de la sentencia, la firma y nombre del juez que la emitió, el sello del tribunal y la orden de que se registre y notifique ese documento.[6]

Al comparar los datos que no tuvo el tribunal apelativo ante sí con los planteamientos que se hicieron en el recurso de apelación, se evidencia que no se trataba de información fundamental o esencial para adjudicar el caso. Tampoco hacían incompresible la sentencia de instancia. En la página número cuatro, que sí se incluyó, constaba la determinación de temeridad del señor Alonso Estrada y la imposición de honorarios de abogado. Lo único que faltó fue la cuantía de los honorarios. Ese dato, no obstante, no era necesario para que el Tribunal de Circuito de Apelaciones determinara si hubo o no temeridad.

En cuanto a los demás argumentos del señor Alonso Estrada, éstos trataban de asuntos de derecho bien explicados en el alegato de apelación. Nada de lo que se dice en la página dos de la sentencia recurrida se relaciona con el hecho de si el tribunal de instancia tenía jurisdicción sobre la materia por ser un asunto correspondiente a la jurisdicción federal o si éste aplicó incorrectamente la ley de Puerto Rico en lugar de la ley del estado de la Florida. De igual forma, las cuestiones relacionadas a la procedencia de la moción de sentencia sumaria en el presente caso se explicaron detalladamente en el alegato presentado.

Como vemos, no es correcta la determinación del foro intermedio en cuanto a que las páginas omitidas eran fundamentales para adjudicar los asuntos en controversia, o que su omisión hacía ininteligible la sentencia recurrida. Por estas razones no procedía imponer la drástica sanción

---

[6] Estos datos pueden verificarse en la copia del volante de notificación del archivo en autos de la sentencia.

de la desestimación del recurso. Tampoco procedía desestimar por el hecho de que la omisión, en efecto, constituyó inobservancia de las disposiciones reglamentarias del referido foro. No fue una omisión trascendental, que bien pudo permitirse su subsanación sin dilación mayor al procedimiento apelativo y en beneficio al interés de que los casos se resuelvan en sus méritos y al mandato de ofrecer mayor acceso a los tribunales, eliminando obstáculos y barreras que impidan impartir justicia apelativa.

Por lo tanto, a la luz de lo anterior, resolvemos que en casos como el de autos, la sanción de la desestimación no procede. Un error de esta magnitud no justifica que se desestime el recurso y la consecuente pérdida del derecho a que un tribunal colegiado lo revise. En su lugar, el Tribunal de Circuito de Apelaciones debió proveer un término de cinco días a partir de la notificación para que el recurrente subsane la omisión en el cumplimiento con el reglamento de ese foro.

■ Por último, y no menos importante, valga aclarar que no queda al arbitrio de los abogados decidir qué disposiciones reglamentarias acatar y cuándo acatarlas. *Arriaga v. F.S.E.*, 145 D.P.R. 122, 130 (1998). Con la norma que disponemos en este caso, sólo ampliamos la facultad del tribunal apelativo de conceder un término para subsanar una falta a su reglamento cuando no se trata de un incumplimiento sustancial, sino más bien de una inadvertencia mínima que en nada afecta la determinación de jurisdicción del tribunal y la adjudicación del caso sin dilación mayor. "La mayor eficacia del sistema procesal se adquiere cuando las normas son interpretadas con el propósito de promover el objetivo fundamental de garantizar una solución justa, rápida y económica de las controversias." J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2000, T. 1, pág. 8. En nada contribuye a lo anterior desestimar recursos apelativos por formalidades intrascendentales en vista del trabajo y los esfuerzos

económicos que éstos conllevan, y ante la posibilidad de soslayar derechos sustantivos de las partes.

Por los fundamentos que anteceden, y a tenor con la Regla 50 del Reglamento del Tribunal Supremo, *expedimos el auto de "certiorari" solicitado y procedemos a revocar la Sentencia del Tribunal de Circuito de Apelaciones. Además, se le ordena acoger el recurso de apelación del señor Alonso Estrada. Por consiguiente, se devuelve el caso a ese foro para la continuación de los procedimientos de forma compatible con lo aquí resuelto.*

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señor Corrada Del Río y Señor Rivera Pérez concurrieron sin opinión escrita.