Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>**RECURRIDO**<br><br>v.<br><br>DOMINGO CARABALLO SANTOS<br><br>**PETICIONARIO** | KLCE202400905 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.<br>K VI2022G0010 y Otros<br><br>Sobre:<br>Tent. Art. 93.A C.P. y Otros<br>Reclasificado a: Tent. Art. 109-A C.P. y Otros |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de agosto de 2024.

### I.

El 15 de agosto de 2024, el señor Domingo Caraballo Santos (peticionario o señor Caraballo Santos), quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR), presentó un recurso de *Certiorari,* por derecho propio y de forma *pauperis,* y ante ello, autorizamos la comparecencia de dicho modo.

En su comparecencia ante nos, el señor Caraballo Santos solicitó que revisemos y dejemos sin efecto la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) el 9 de mayo de 2024,[1] a la que se hizo referencia en una *Orden* dictada por dicho foro el 16 de julio de 2024. Consecuentemente, también dejemos sin efecto una *Sentencia* supuestamente emitida en el caso de marras, conforme a la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1. Mediante

---

[1] Apéndice del recurso de *Certiorari, Resolución.*

Número Identificador
RES2024_____

la *Resolución* recurrida, el foro primario denegó una petición del señor Caraballo Santos, luego de atender una *Moción* presentada por este y una *Moción en Oposición al Amparo de la Regla 192.1 de Procedimiento Criminal* presentada por el Ministerio Público, empero no nos planteó error alguno respecto a dicho dictamen, sino su inconformidad con la misma.

Asimismo, hacemos notar que, además de omitir un señalamiento breve y conciso de los errores que a su juicio cometió el TPI, el señor Caraballo Santos también incumplió crasamente con otros requisitos de la Regla 34 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXIIB, R. 34. El señor Caraballo Santos no nos colocó en condición para conocer las alegaciones de las partes incluyendo la denuncia y acusación si lo hubiere presentadas ante el TPI; y tampoco incorporó una gama de documentos esenciales y otros requisitos de forma requeridos para el perfeccionamiento del auto de *Certiorari*; a saber, la *Sentencia* a la cual alude en su auto de *Certiorari*; un índice detallado de la solicitud y las autoridades citadas, conforme a la Regla 75 del Reglamento de este Tribunal, *supra*, R. 75; las disposiciones legales que establecen la jurisdicción y competencia del Tribunal; una relación fiel y concisa de los hechos procesales y materiales del caso; un señalamiento breve y conciso de los errores que, a su juicio, cometió el foro *a quo*; una discusión de los errores señalados, junto las disposiciones de ley y la jurisprudencia aplicable; toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar su solicitud de *Certiorari*, y sus respectivas notificaciones de archivo en autos de las correspondientes copias; toda resolución u orden, y toda moción o escrito de cualesquiera de las partes donde se hubiese discutido expresamente cualquier asunto planteado en el recurso de *Certiorari*; y cualquier documento que forme parte del

expediente del TPI que pueda ser útil a este Tribunal a los fines de resolver la controversia.

El único documento que el señor Caraballo Santos incluyó con su auto de *Certiorari* fue la *Resolución* recurrida, la cual a su vez hace referencia a una *Moción* presentada por este y una *Moción en Oposición al Amparo de la Regla 192.1 de Procedimiento Criminal* presentada por el Ministerio Público que no fueron incorporadas.

Por otra parte, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, *supra,* R. 7 (B) (5), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia de la parte recurrida.

**II.**

**A.**

En nuestro sistema jurídico, la jurisdicción se ha definido como el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. ***MCS Advantage, Inc. v. Fossas Blanco***, 211 DPR 135, 144 (2023); ***Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.***, 207 DPR 586, 600 (2021); ***Allied Management Group, Inc. v. Oriental Bank***, 204 DPR 374, 385 (2020); ***Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico***, 204 DPR 89, 101 (2020). Los tribunales de Puerto Rico poseen jurisdicción general, por lo cual "están facultados para atender cualquier reclamación que presente una controversia propia de adjudicación, siempre que tengan jurisdicción sobre la materia", y sobre las partes. ***Consejo de Titulares de 76 Kings Court Condominium v. MAPFRE PRAICO Insurance Company***, 208 DPR 1018, 1026-1027 (2022); ***R & B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales***, 2024 TSPR 24. Por lo tanto, en primera instancia, se deberá corroborar el aspecto

jurisdiccional en todo caso que se presente ante un foro adjudicativo. ***R & B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales***, supra (*citando a **Torres Alvarado v. Madera Atiles***, 202 DPR 495, 500 (2019)).

**B.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

Tratándose de un asunto de Derecho Penal y con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* R. 40, establece los siguientes criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento

indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**C.**

Por otra parte, el Art. 4.002 de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 201 del 22 de agosto de 2003 (Ley Núm. 201-2003), según enmendada, 4 LPRA sec. 24u, establece que este Tribunal de Apelaciones tendrá jurisdicción y competencia para revisar "como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y de forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia".

La presentación de un recurso de *Certiorari* está regulada por el Reglamento del Tribunal de Apelaciones, *supra*, y las Reglas de Procedimiento Civil, 32 LPRA Ap. V. Para su perfeccionamiento, tanto las partes como sus representantes legales deben observar rigurosamente este conjunto de normas que rigen la práctica apelativa puertorriqueña. ***Pérez Soto v. Cantera Pérez Inc. et al.***, 188 DPR 98, 104–105 (2013); ***Hernández Maldonado v. Taco Maker***, 181 DPR 281, 290 (2011); ***Arriaga v. F.S.E.***, 145 DPR 122, 129-130 (1998). Aun cuando una parte comparezca por derecho propio, debe cumplir fielmente con las normas reglamentarias y legales aplicables a la práctica apelativa para que el recurso quede perfeccionado. ***Febles v. Romar***, 159 DPR 714, 722 (2003). Pues, "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". Íd.

Ahora bien, para que un recurso de *Certiorari* quede perfeccionado, la parte peticionaria debe cumplir con las normas atinentes al contenido del escrito. En tal sentido, este recurso contendrá "un índice detallado de la solicitud y de las autoridades

citadas conforme a lo dispuesto en la Regla 75 de este Reglamento".

Regla 34 (B) del Reglamento de este Tribunal, *supra*, R. 34 (B).

Además, incluirá en su cuerpo, de forma enumerada y en el orden

dispuesto en la Regla 34 (C) (1) del Reglamento del Tribunal de

Apelaciones, *supra*, R. 34 (C) (1) lo siguiente:

> (a) En la comparecencia, el nombre de las partes peticionarias.
>
> (b) **Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.**
>
> (c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari; además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.
>
> (d) **Una relación fiel y concisa de los hechos procesales y materiales del caso.**
>
> (e) **Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.**
>
> (f) **Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.**
>
> (g) La súplica.
>
> (Énfasis suplido).

Además, salvo lo dispuesto en el subinciso (2) de la Regla 34

(E) del Reglamento de este Tribunal, *supra*, R. 34 (E), el apéndice

contendrá una copia literal de:

> (a) **Las alegaciones de las partes, a saber:**
>
> (i) en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;
>
> (ii) **en casos criminales, la denuncia y la acusación, si la hubiere.**
>
> (b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté

fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) **Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, y la notificación del archivo en autos de una copia de la resolución u orden.**

(d) **Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a ésta.**

(e) **Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.**

Regla 34 (E) del Reglamento de este Tribunal, *supra* (Énfasis suplido).

Nuestro máximo foro ha resuelto que, si la parte promovente incumple con las reglas referentes al perfeccionamiento del recurso pertinente, el derecho procesal apelativo autoriza la desestimación del recurso. *Salinas v. S.L.G. Alonso*, 160 DPR 647, 654-655 (2003). Específicamente, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83 (C) permite que, a iniciativa propia, esta Curia apelativa desestime un recurso. Sin embargo, la desestimación del recurso no es automática, sino que será necesario que el tribunal realice un análisis. *Salinas v. S.L.G. Alonso*, supra, pág. 655.

Cuando el tribunal utiliza el mecanismo procesal de la desestimación ante el incumplimiento con su Reglamento, "*debe cerciorarse primero que el incumplimiento haya provocado un impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos*". Íd. (Énfasis en el original y subrayado suplido) (*citando a **Román et als. v. Román et als.**, 158 DPR 163, 167-168 (2002)). De igual modo:

[P]rocede sancionar con la desestimación el recurso sólo cuando los documentos omitidos sean esenciales para verificar los términos jurisdiccionales para presentar el recurso, <u>se trate de una omisión cuantitativamente sustancial, los documentos omitidos sean esenciales para la comprensión de las cuestiones planteadas o éstos hagan ininteligible el recurso en su totalidad</u>. ***Salinas v. S.L.G. Alonso***, supra, pág. 656 (Subrayado suplido).

En esa misma línea, para los foros apelativos, el apéndice equivale al expediente judicial del TPI y mediante este, descansan para descargar sus responsabilidades y prerrogativas. H.A. Sánchez Martínez, <u>Derecho Procesal Apelativo</u>, Puerto Rico, Lexis–Nexis, 2001, pág. 314. Por tal razón, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". Íd.

### III.

En el caso de marras, y como asunto de umbral, el señor Caraballo Santos presentó un recurso de *Certiorari* el 15 de agosto de 2024 con relación a una *Resolución* emitida por el foro primario el 9 de mayo de 2024, la cual fue notificada a sus abogados; esto es, el señor Caraballo Santos presentó dicho recurso fuera del término de cumplimiento estricto de treinta (30) días para hacerlo. Ante ello, este Tribunal carece de jurisdicción para atender el recurso en sus méritos.

Además, el señor Caraballo Santos presentó el aludido auto de *Certiorari* sin acompañar la *Moción* presentada por este y la *Moción en Oposición al Amparo de la Regla 192.1 de Procedimiento Criminal* presentada por el Ministerio Público ante el foro primario y que dicho foro evaluó. Tampoco incluyó la *Sentencia* supuestamente emitida en el caso de marras, la que solicita que sea dejada sin efecto; ni mucho menos incorporó en el recurso de *Certiorari* un señalamiento breve y conciso de los errores que a su juicio cometió el TPI, al igual que una discusión sobre los mismos. Al este Tribunal carecer de los documentos en los cuales se fundamentó la

*Resolución* recurrida, y de la referida *Sentencia*, el señor Caraballo Santos incumplió sustancialmente con los requisitos de la Regla 34 del Reglamento del Tribunal de Apelaciones, *supra*, cuyo cumplimiento es necesario para el perfeccionamiento del recurso.

Desconocemos cual fue la *Sentencia* impuesta y los fundamentos que se presentaron ante el foro recurrido para solicitar que fuera dejada sin efecto.

El expediente del auto de *Certiorari* ameritaba contener la aludida *Moción*, la *Moción en Oposición al Amparo de la Regla 192.1 de Procedimiento Criminal* y la referida *Sentencia*, puesto que dichos documentos eran esenciales para que esta Curia apelativa esté en posición de evaluar la corrección de la *Resolución* recurrida. Por todo lo anterior, resulta forzoso concluir que estamos imposibilitados de atender este recurso en sus méritos. Así las cosas, a tenor con la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, procede desestimar este recurso por craso incumplimiento con el Reglamento de este Tribunal.

**IV.**

Por los fundamentos anteriormente expuestos, se desestima el recurso de epígrafe por craso incumplimiento con el Reglamento del Tribunal de Apelaciones, *supra*, al no incluir los documentos necesarios para ejercer nuestra función revisora.

Notifíquese a todas las partes. El DCR deberá entregar copia de la presente *Sentencia* al señor Caraballo Santos en cualquier institución que se encuentre confinado.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones