Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>**APELADO**<br><br>v.<br><br>ANTONIO RAMOS ACEVEDO<br><br>**APELANTE** | KLAN202400615 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.<br>F VI2023G0012 AL 13<br>F LE2023G0058 AL 59<br>F BD2023G0062<br>F OP2023G0015<br>F LA20230074 AL 77<br><br>Sobre:<br>93.A (Tentativa) C.P. y Otros<br><br>Apelación Criminal por derecho propio |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero.

Pagán Ocasio, juez ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 2 de diciembre de 2025.

## I.

El 24 de junio de 2024, el señor Antonio Ramos Acevedo (señor Ramos Acevedo o apelante), quien se encuentra privado de libertad bajo la custodia del Departamento de Corrección y Rehabilitación (DCR), presentó, por derecho propio, un recurso de *Apelación criminal* en la que nos solicitó la revisión de una Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario) el 6 de junio de 2024, notificada y archivada en autos el mismo día.[2] Mediante dicho dictamen, el foro primario declaró culpable al apelante por la comisión de varios delitos y lo condenó a una pena de ciento cuarenta y nueve (149) años de cárcel.

---

[1] Véase OA JP2021-0086.
[2] La fecha de notificación y archivo en autos es la que surge de la página oficial del Poder Judicial: poderjudicial.pr/consulta-de-casos/.

Ese mismo día, el apelante nos solicitó que ordenáramos la trascripción de oficio de la prueba oral (TPO) vertida durante el juicio en su fondo.

El 2 de julio de 2024, emitimos una *Resolución* en la que autorizamos al apelante a litigar *in forma pauperis* y referimos a la Región Judicial de Carolina, foro que dictó la Sentencia recurrida, la designación de un abogado o abogada de oficio para representar al señor Ramos Acevedo en esta etapa apelativa, previo a resolver cualquier asunto o trámite ulterior.

En cumplimiento con lo anterior, el 9 de julio de 2024 y notificada el 10 de junio de 2024, la Jueza Administradora de la Región Judicial de Carolina, la Hon. Rosa del C. Benítez Álvarez, emitió una *Orden para la Asignación de Abogado(a) de Oficio o Abogado(a) Auxiliar* dirigida a la Lcda. Elba Nilsa Villalba Ojeda (Lcda. Villalba Ojeda), del panel de abogados voluntarios.

El 11 de julio de 2024, emitimos una *Resolución* en la que, en vista de la asignación de abogada de oficio, ordenamos a la Secretaría del Tribunal de Apelaciones a notificar copia del escrito de *Apelación criminal por derecho propio y en forma pauperis* y de la *Moción solicitando transcripción de oficio* a la Lcda. Villalba Ojeda y a que la misma fuera incluida en el registro de notificaciones de este caso. Además, considerando los errores señalados en el recurso, autorizamos la TPO y ordenamos al TPI que reprodujera la prueba oral, desde la toma de juramento del primer testigo hasta el acto de sentencia, y la remitiera a la Secretaría del Tribunal de Apelaciones. También, que entregara una copia de la regrabación a la Lcda. Villalba Ojeda y a la Oficina del Procurador General. Por último, se pormenorizó el trámite a seguir para el perfeccionamiento del recurso, una vez recibida la TPO de oficio.

El 24 de julio de 2024, la Lcda. Kanelly M. Zayas Robles, Secretaria Regional del TPI de Carolina presentó una *Comparecencia*

*especial* con la que acompañó un disco compacto con la grabación de la prueba oral desfilada en juicio con los "log notes", según ordenado. Informó, además, que había remitido dicha regrabación mediante correo electrónico a la Lcda. Villalba Ojeda y a la Oficina del Procurador General.

En vista del recibo de la regrabación de la prueba oral, el 5 de agosto de 2024, emitimos una *Resolución* en la que ordenamos a la Secretaría del Tribunal de Apelaciones a cumplir con lo dispuesto en nuestra Resolución del 11 de julio de 2024 en lo relacionado a la TPO.

El 25 de abril de 2025, el apelante, representado por su abogada, la Lcda. Villalba Ojeda, presentó una moción *Informativa y en solicitud* para que ordenáramos al TPI a producir copia del expediente de este caso.

El 28 de abril de 2025, emitimos una *Resolución* en la que ordenamos a la Secretaría del TPI producir copia del expediente de los casos criminales cuya sentencia el señor Ramos Acevedo apela para que fuese entregado a la Lcda. Villalba Ojeda.

El 14 de mayo de 2025, la Secretaría del Tribunal de Apelaciones nos remitió copia digital de la TPO de oficio.

El 21 de mayo de 2025, emitimos una *Resolución* en la que, en vista de que la TPO también fue remitida, en formato digital, por la Secretaría del Tribunal de Apelaciones a las partes, les concedimos veinte (20) días para presentar objeciones a la misma, si algunas.

El 12 de junio de 2025, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General, presentó una *Moción informativa sobre borrador de la transcripción de la prueba oral.* Mediante esta, solicitó una prórroga de quince (15) días para estipular el borrador de la transcripción de la prueba oral.

El 13 de junio de 2025, el apelante presentó una moción *Informativa y en solicitud* para que le concediéramos una prórroga

para presentar las objeciones al borrador de la transcripción de la prueba oral.

Ese mismo día, emitimos una *Resolución* en la que le concedimos a las partes hasta el 27 de junio de 2025, como término final, para cumplir con nuestra *Resolución* del 21 de mayo de 2025.

El 27 de junio de 2025, el Pueblo de Puerto Rico presentó una *Moción informativa sobre borrador de la transcripción de la prueba oral* mediante la cual expresó que no tenía objeciones al borrador.

El 30 de junio de 2025, emitimos una *Resolución* en la que le concedimos al apelante un término final hasta el 11 de julio de 2025, para presentar objeciones, si algunas, a la transcripción de la prueba oral. Advertimos que no permitiríamos dilaciones adicionales.

El 9 de julio de 2025, el apelante presentó una moción *Informativa sobre borrador transcripción prueba oral* en la que, como la otra parte, expresó que no tenía objeciones al borrador.

El 14 de julio de 2025, emitimos una *Resolución* en la que, decursado el término concedido a las partes para presentar objeciones al borrador de la transcripción de la prueba oral, acogimos la misma. Así, le concedimos al apelante hasta el 15 de agosto de 2025 para presentar su alegato suplementario.

El 12 de agosto de 2025, el apelante presentó una moción titulada *Solicitamos prorroga y Orden.* Mediante esta, expresó que, a pesar de los esfuerzos realizados y dado que la Lcda. Villalba Ojeda no fue la abogada durante la etapa de juicio ni quien presentó el escrito de apelación, se veía imposibilitado de presentar el alegato dentro del término provisto. Nos solicitó, además, que ordenáramos a los abogados que lo representaron en la etapa de juicio a que le produjeran sus expedientes del caso. Por último, solicitó una prórroga adicional para presentar su alegato.

El 14 de agosto de 2025, emitimos una *Resolución* mediante la cual resolvimos que la solicitud del apelante era improcedente en derecho, dado que los abogados sobre los cuales solicitó orden no eran abogados de récord ante este Tribunal. No obstante, le concedimos hasta el 16 de septiembre de 2025, como término final, para presentar su alegato, advirtiendo que no permitiríamos dilaciones adicionales.

El 15 de septiembre de 2025, el apelante presentó una moción *Informativa sobre término* en la que solicitó una prórroga adicional hasta el 24 de septiembre de 2025 para presentar el alegato.

El 16 de septiembre de 2025, emitimos una *Resolución* en la que le concedimos a la parte recurrida hasta el 24 de septiembre de 2025, como término final para presentar su alegato.

El 30 de septiembre de 2025, emitimos una *Resolución* en la que, **en vista de que el término final concedido al apelante para presentar su alegato decursó, y el mismo no fue presentado**, le impusimos una sanción económica a la Lcda. Villalba Ojeda de doscientos cincuenta dólares ($250.00) por su incumplimiento. La misma debía ser consignada en la Secretaría del Tribunal de Apelaciones, a favor del Estado Libre Asociado de Puerto Rico, en o antes del 8 de octubre de 2025. Además, le concedimos hasta esa misma fecha para presentar el alegato, so pena de la desestimación del recurso.

El 10 de octubre de 2025, emitimos una *Resolución* mediante la cual consignamos pormenorizadamente el trámite procesal del caso y, en vista del reiterado incumplimiento por el apelante, ordenamos al señor Ramos Acevedo a mostrar causa por la cual no debíamos desestimar el caso, según previamente advertido, por los reiterados incumplimientos con nuestras múltiples ordenes e imposición de sanciones económicas a su abogada, las cuales no fueron pagadas. Le condecimos hasta el 24 de octubre de 2025 para

cumplir con lo antes ordenado, consignar las sanciones impuestas y presentar el alegato.

Dicha Resolución fue notificada al apelante directamente, a su dirección de récord. Además, se notificó al Secretario del Departamento de Corrección y Rehabilitación con la orden de entregar copia de la misma al confinado, en cualquier institución donde este se encuentre.

El 23 de octubre de 2025, el apelante presentó una moción titulada *Informamos condición de salud y en súplica.* Mediante ésta, la Lcda. Villalba Ojeda expuso que, estaba atravesando una situación de salud que le impidió cumplir con los términos provistos para presentar el alegato. Alegó que se encuentra en tratamiento médico e incluyó una receta médica junto a la moción. Por las razones anteriores, suplicó un término adicional para presentar el alegato y que dejemos en suspenso las sanciones impuestas.

El 27 de octubre de 2025, emitimos una *Resolución* en la que le concedimos al apelante hasta el 14 de noviembre de 2025 como término final para presentar el alegato y consignar las sanciones impuestas. Advertimos que, la Lcda. Villalba Ojeda ha incumplido con nuestras **múltiples ordenes desde julio de 2025** y la receta médica que presentó con la moción es del **13 de octubre de 2025**. Establecimos, además, que, de insistir su incumplimiento, el caso sería desestimado, según advertido en reiteradas ocasiones. Dicha Resolución también fue notificada directamente al apelante a su dirección de récord y se notificó al Secretario del Departamento de Corrección y Rehabilitación con la orden de entregar copia de la misma al confinado, en cualquier institución donde este se encuentre.

Transcurrido el término concedido a la parte apelante para presentar su alegato, sin que lo hiciera, damos por perfeccionado el recurso.

## II.

En el caso de marras, según se alega mediante el recurso de *Apelación criminal,* el señor Ramos Acevedo fue encontrado culpable, <u>por un jurado</u>, por infringir los Artículos 93, 93(A), 190(E) y 249(C) del Código Penal de Puerto Rico, 33 LPRA secs. 5142, 5260 y 5339; Artículo 59 de la Ley Núm. 246-2011, 8 LPRA ant. sec. 1174; Artículo 3.1 de la Ley Núm. 54-1989, 8 LPRA sec. 631; y Artículos 6.05 y 6.14(B) de la Ley Núm. 168-2019, 25 LPRA secs. 466d y 466m. El apelante fue condenado a ciento cuarenta y nueve (149) años de prisión.

Inconforme con la determinación del TPI, el 24 de junio de 2024 acudió ante este foro revisor mediante el presente recurso de *Apelación criminal* en el que formuló como error lo siguiente:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ENCONTRARME CULPABLE EN VIRTUD DE UNA PRUEBA QUE NO DERROTÓ MI PRESUNCION DE INOCENCIA Y MUCHO MENOS ESTABLECIÓ MI CULPABILIDAD MÁS ALLÁ DE DUDA RAZONABLE.

A solicitud del señor Acevedo Ramos, la Secretaría del Tribunal de Apelaciones realizó la transcripción de la prueba oral de oficio.

No obstante, el apelante, a pesar de las múltiples oportunidades concedidas a su abogada, no presentó su alegato, tampoco consignó las sanciones impuestas. Por ende, el recurso no quedó perfeccionado.

## III.

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Shell v. Srio. Hacienda,*** 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a

entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. ***Fuentes Bonilla v. ELA,*** 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. ***Mun. de San Sebastián v. QMC Telecom,*** 190 DPR 652, 660 (2014).

Entre las razones que privan a los tribunales de asumir jurisdicción sobre un asunto, resalta el incumplimiento por la parte promovente con las reglas referentes al perfeccionamiento del recurso. Ante un incumplimiento de este tipo, el derecho procesal apelativo autoriza que se desestime un recurso. ***Arriaga v. F.S.E.***, 145 DPR 122, 129-130 (1998). El cumplimiento con el Reglamento del Tribunal de Apelaciones, según enmendado, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 42, 215 DPR __ (2025), no puede soslayarse injustificadamente. Íd., pág. 130.

La Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83(C), también faculta a esta Curia a, por iniciativa propia, desestimar un recurso por diversos motivos, entre ellos: (1) porque el Tribunal de Apelaciones carece de jurisdicción; (2) porque fue presentado fuera del término de cumplimiento estricto dispuesto sin que exista justa causa; y (3) porque no se ha presentado o proseguido con diligencia o de buena fe.

Cuando el tribunal utiliza el mecanismo procesal de la desestimación ante el incumplimiento con su Reglamento, "*debe cerciorarse primero que <u>el incumplimiento haya provocado un impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos</u>*". ***Salinas v. S.L.G. Alonso,*** 160 DPR 647, 655 (Énfasis en el original y subrayado nuestro) (*citando a* ***Román et als. v. Román et als.***, 158 DPR 163, 167-168 (2002)).

**IV.**

En el presente recurso, el señor Acevedo Ramos cuestiona la Sentencia emitida por el TPI que lo condenó a una pena de ciento cuarenta y nueve (149) años de cárcel. A este, se le asignó como abogada de oficio a la Lcda. Villalba Ojeda. Dicha designación tuvo lugar el 9 de julio de 2024.

A partir de ese entonces, pormenorizamos lo que sería el trámite ulterior del caso. Dado que los errores señalados versan sobre la apreciación de la prueba, autorizamos la transcripción de la prueba oral de oficio. Tanto la Secretaría del Tribunal de Primera Instancia de Carolina como la Secretaría del Tribunal de Apelaciones actuaron, conforme a lo ordenado, para su reproducción. La transcripción de la prueba oral de oficio fue acogida sin objeciones de las partes.

En consecuencia, el **14 de julio de 2025** este Tribunal le concedió al apelante hasta el **15 de agosto de 2025 para presentar su alegato.** A partir de ese entonces, la Lcda. Villalba Ojeda, en representación del apelante, solicitó varias prorrogas e incurrió en múltiples incumplimientos con las órdenes de este Tribunal, las que incluyen sanciones económicas que aún no han sido consignadas. La conducta desplegada por ésta nos ha impedido resolver el caso pues no quedó perfeccionado.

Adviértase que el apelante ha sido notificado de todas nuestras Resoluciones, en las que se advirtió que se desestimaría el recurso si no se cumplía con lo ordenado, a pesar de las múltiples órdenes.

Tras un análisis objetivo, sereno y cuidadoso del expediente y a la luz del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos desestimar el recurso por falta de su perfeccionamiento. La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, nos permite desestimar un recurso cuando en

el mismo no se ha proseguido con diligencia, como resulta en el caso de marras.

A la luz del craso incumplimiento del apelante con las reglas procesales aplicables, a pesar de las múltiples oportunidades concedidas, resulta evidente que no nos colocó en posición de evaluar los méritos de sus alegaciones. No contamos con un escrito que discuta el señalamiento de error ni que relacione la prueba desfilada, tampoco la jurisprudencia aplicable. No tenemos hechos concretos o controversias claras que podamos adjudicar.

A la luz de ello y en virtud de las normas jurídicas pormenorizadas precedentemente, procede la desestimación del presente recurso.

**V.**

Por los fundamentos pormenorizados, se *desestima* el recurso de *Apelación* de epígrafe.

Notifíquese a todas las partes. El DCR deberá entregar copia de la presente *Resolución* al señor Acevedo Ramos en cualquier institución donde se encuentre confinado.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones