| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VII | | |
| **JULIA M. ORTIZ FALAGÁN**<br><br>Apelante<br><br>v.<br><br>**CARMEN J. FALAGÁN COLLAZO**<br><br>Apelado | KLAN202400791 | **APELACIÓN**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **MAYAGÜEZ**<br><br>Civil núm.:<br>**MZ2024CV01173**<br><br>Sobre:<br>**PETICIÓN DE ORDEN** |

Panel integrado por su presidenta la juez Domínguez Irizarry, el juez Ronda del Toro y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece ante nos, Julia M. Ortiz Falagán, en adelante, Ortiz Falagán o apelante, solicitando que revisemos una *"Sentencia"* emitida por el Tribunal de Primera Instancia, Sala de Mayagüez, en adelante, TPI-Mayagüez. En la misma, el Foro Apelado desestimó una demanda incoada por la apelante, *por derecho propio*, contra su madre, Carmen Falagán Collazo.

Por los fundamentos que expondremos a continuación, *desestimamos* el caso ante nos.

**I.**

El 12 de julio de 2024, Ortiz Falagán presentó una *"Moción Civil por Derecho Propio"* ante el TPI-Mayagüez.[1] En la misma indicó que había presenciado actos que, en su opinión, constituyen maltrato hacia su papá, Roberto Ortiz, quien falleció el 16 de junio de 2024. Amparada en su sospecha, solicitó que el Foro Primario ordenara la realización de una autopsia en el cadáver de su padre, y se le entregaran los resultados de esta.

---

[1] SUMAC, entrada 1.

El *22 de julio de 2024*, el Foro Apelado emitió una *"Resolución"* en la cual indicó que, ante las sospechas de maltrato, lo que procede es una "denuncia ante la Policía de Puerto Rico para que realizada la correspondiente investigación proceda de entenderlo necesario a consultar el caso con fiscalía para que se ordene la realización de la autopsia y/o la posible radicación de cargos".[2] Añadió, además, que *una demanda civil no es el recurso adecuado para este petitorio.*

Ese mismo día, el *22 de julio de 2024*, el TPI-Mayagüez notificó su *"Sentencia".*[3] En la misma, desestimó la demanda sin perjuicio, porque la misma no expone una reclamación que justifique un remedio, conforme a su facultad por virtud de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

Inconforme, la apelante recurre ante nos mediante un recurso apelativo el *27 de agosto de 2024*. Ortiz Falagán nos indica en su escrito, que recibió un correo electrónico con la notificación del dictamen del Foro Apelado. Sin embargo, no especificó la fecha de recibo ni adjuntó evidencia para ello. Añadió que el enlace de ese correo electrónico no funcionó, por lo que no pudo leer la sentencia apelada. Por estos hechos, alega que se personó al TPI-Mayagüez, en donde la Secretaría le permitió leer el dictamen en cuestión en una computadora. Añadió que transcribió tanto la *"Resolución"* como la *"Sentencia"*. No obstante, la apelante tampoco nos indicó en su recurso, qué día visitó la Secretaría del Tribunal.

En su escrito, Ortiz Falagán plantea cinco (5) señalamientos de error. En esencia, arguye que el Foro Apelado erró al haber desestimado el caso sin darle la oportunidad de ser oída y estando ciego de información pertinente. También planteó que fue un error despachar el caso escuetamente e interpretar que el trámite adecuado debía ser a través de la Policía de Puerto Rico.

---

[2] SUMAC, entrada 3.
[3] SUMAC, entrada 4.

Luego de evaluar el escrito apelativo, y los documentos del caso que obran en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), procedemos a expresarnos.

**II.**

**A. Jurisdicción**

La jurisdicción de un Tribunal consiste en la autoridad o facultad que tiene para atender y adjudicar una controversia. *R&B Power Inc. v. Junta de Subasta ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *Matos, Sostre v. Registradora*, 2023 TSPR 148, 213 DPR ___ (2023); *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012). Los asuntos relevantes a la jurisdicción requieren prontitud y preferencia en su manejo. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233–234 (2014); *Muns. Aguada y Aguadilla v. JCA*, 190 DPR 122, 131 (2014); *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). Por eso, es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción, pues "no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez*, supra, pág. 250, citando a *SLG. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

Por su parte, en la práctica apelativa, las partes vienen obligadas a cumplir con las disposiciones legales y reglamentarias aplicables para la tramitación eficaz de sus recursos. *Matos v. Metropolitan Marble Corp.*, 104 DPR 122, 125 (1975). Para que estemos en posición de revisar al foro primario, la parte que apele de una sentencia final **tiene la obligación de perfeccionar su recurso**, según lo exige la ley y nuestro Reglamento. *Morán v. Martí*, 165 DPR 356, 363 (2005).

Por su severidad y las graves repercusiones que redundan para el promovente de una causa de acción, la desestimación de un recurso apelativo, constituye una sanción de último recurso. *Salinas v. S.L.G. Alonso*, 160 DPR 647, 656 (2003). Por ello, cuando el foro intermedio pretende aplicar dicho mecanismo a un recurso sometido a su consideración, debe ponderar su proceder y cerciorarse de que el incumplimiento del apelante ha constituido un impedimento real para el ejercicio efectivo de su función revisora.

***La falta de jurisdicción es un defecto que no puede ser subsanado.*** *Lozada Sánchez et al. v. JCA.*, 184 DPR 898, 909 (2012). Nuestro Alto Foro ha expresado que, ante la ausencia de jurisdicción, la única vía en derecho "es así declararlo y desestimar el caso". *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

Relativo al caso de autos, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, dispone que:

> [...]
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> 1. ***que el Tribunal de Apelaciones carece de jurisdicción;***
> 2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> 3. que no se ha presentado o proseguido con diligencia o buena fe;
> 4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
> 5. que el recurso se ha convertido en académico.
> (C) El Tribunal de Apelaciones, ***a iniciativa propia***, podrá desestimar un recurso de apelación, o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.
> [...]
> (Énfasis suplido).

### B. Perfeccionamiento de los recursos apelativos

Lo cierto es que, en nuestro ordenamiento jurídico, el derecho a apelar una sentencia es de carácter estatutario, no constitucional. *Pérez Soto v. Cantera Pérez,* 188 DPR 98, 104 (2013). Sin embargo, es el Tribunal Supremo de Puerto Rico quien tiene la responsabilidad "de diseñar e implantar un sistema de normas que fomente la más sana y efectiva administración de la justicia, tanto en la jurisdicción original como en la apelativa". Id. En el ejercicio de dicha responsabilidad, resaltamos lo dispuesto en la Ley de la Judicatura de 2003, la cual dispone que nuestro Alto Foro tiene la facultad para diseñar las reglas que aseguren el "acceso fácil, económico y efectivo" al foro apelativo. Artículos 2.002 y 4.004, 4 LPRA secs. 24c y 24w, Ley Núm. 201 del 22 de agosto de 2003.

En respuesta a lo anteriormente esbozado, nuestro Tribunal Supremo aprobó el Reglamento del Tribunal de Apelaciones, el cual, en conjunto a otras disposiciones estatutarias, enmarcan la normativa para el trámite y perfeccionamiento de los recursos apelativos. *In re Aprobación Reglamento T.A.,* 162 DPR 444 (2004).

En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013); sobre el particular, nuestra más alta Curia ha expresado:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado.
>
> *Morán v. Martí,* supra, 367 (2005).

A esos efectos, la Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13, regula el trámite de

presentación y perfeccionamiento de los recursos de *apelación*. Relevante al caso de marras, la Regla 13 (A) establece un ***término jurisdiccional de treinta (30) días para su presentación,*** contados desde el archivo en autos de la copia de la notificación de la sentencia emitida por el Tribunal de Primera Instancia.

Por su parte, la Regla 52.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, dispone, de igual forma, que los recursos de *apelación* "deberán ser presentados dentro del ***término jurisdiccional de treinta (30) días*** contados desde el archivo en autos de la copia de la notificación de la sentencia dictada por el tribunal apelado". (Énfasis nuestro).

### III.

La apelante recurre ante nos solicitando que revisemos la desestimación de su reclamación. Entiende que el Foro Primario se equivocó al justipreciar que su reclamo no podía ser atendido por la vía civil. Nos argumenta Ortiz Falagán, que el Foro Apelado debió darle el debido proceso de ley y atender su demanda. Sin embargo, nos vemos imposibilitados de adjudicar los planteamientos de la apelante en sus méritos.

Ortiz Falagán admite en su escrito que recibió en su correo electrónico notificación del dictamen judicial. Aunque no nos adjunta evidencia de esta correspondencia, luego de una evaluación documental en SUMAC, nos percatamos que tanto la *"Resolución"* como la *"Sentencia"* fueron notificadas el *22 de julio de 2024.* Es decir, en ausencia de prueba en contrario, resulta forzoso concluir que, en esa fecha, la apelante quedó debidamente notificada de los escritos.

Según la normativa antes esbozada, para presentar un recurso apelativo, la parte adversamente afectada por una sentencia debe recurrir ante esta Curia *en un término jurisdiccional e*

*insubsanable de treinta (30) días.* Por ello, la apelante tenía hasta el 21 de agosto de 2024, para presentar el recurso que aquí nos ocupa. Sin embargo, no es hasta el *27 de agosto de 2024*, que el mismo fue radicado.

Finalmente, señalamos que "el hecho de que las partes comparezcan por *derecho propio*, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar*, 159 DPR 714, 722 (2003). Este tipo de comparecencia tampoco puede justificar que las partes incumplan con términos jurisdiccionales o de cumplimiento estricto. Id

En consecución a la falta de jurisdicción de este Tribunal para atender el caso, Ortiz Falagán no tiene el beneficio de revisión judicial con relación específica a la demanda presentada el 12 de julio de 2024. Nótese, pues, que la desestimación al amparo de la Regla 10.2 de Procedimiento Civil, supra, es *sin perjuicio.* Es decir, puede la apelante instar su acción nuevamente, o, por el contrario, acoger la sabia recomendación del Foro Primario.

**IV.**

Por los fundamentos antes expuestos, *desestimamos el recurso de autos por falta de jurisdicción.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones