Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| EDDA M. RIVERA VÁZQUEZ<br>Recurrente<br><br>v.<br><br>PROFESSIONAL SOLAR SERVICE CORP.<br>Recurrida | KLRA202400434 | *Revisión Judicial* procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm. SAN-2023-0016875<br><br>Sobre: Compraventa de Bienes Muebles |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 6 de diciembre de 2024.

Comparece por derecho propio, en *forma pauperis,* Edda M. Rivera Vázquez (señora Rivera Vázquez o parte recurrente), a través de un recurso de *revisión judicial,* solicitando que revoquemos la *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACo), el 25 de junio de 2024. En el contexto de una reclamación por alegado incumplimiento de garantía, mediante dicho dictamen el DACo declaró *No Ha Lugar* la *Querella* presentada por la señora Rivera Vázquez contra Professional Solar Service Corp. (Professional Solar Service o parte recurrida).

Por los fundamentos que expondremos a continuación, resolvemos desestimar el recurso presentado.

**I. Resumen del tracto procesal**

El 5 de septiembre de 2023 la parte recurrente presentó una *Querella* ante DACo en contra de Professional Solar Service, alegando que esta última le vendió un calentador solar que resultó defectuoso. En suma, sostuvo que tan solo habían trascurrido tres (3) de los cinco (5) años de garantía de haber adquirido el referido equipo, al momento en que este dejó de funcionar.

Calificó de anuncio engañoso el ofrecimiento de Professional Solar Service sobre la referida garantía, sin advertir que esta estaba condicionada a que se le diera mantenimiento al equipo. Concluyó aseverando que el equipo adquirido mostraba un defecto de fábrica, o fue robado, por lo que solicitó como remedio un calentador solar nuevo instalado o la devolución del dinero.

Ante lo cual, el 4 de diciembre de 2023, DACo emitió una *Orden de Señalamiento de Mediación Mediante Videoconferencia* a celebrarse el 19 de diciembre de 2023. Sin embargo, tal sesión de mediación no fue celebrada debido a que la parte recurrida no compareció. Por tanto, el DACo pautó la celebración de una vista administrativa para el el 24 de mayo de 2024.

Llegada la fecha señalada para la vista administrativa, Professional Solar Service tampoco compareció, por lo que el DACo le anotó la rebeldía, pero sí estuvo presente la querellante, por lo que la agencia procedió escuchar la prueba testifical y examinar la prueba documental presentada por la señora Rivera Vázquez. Concluida la vista, el DACo emitió la *Resolución* cuya revocación se nos solicita el 25 de junio de 2024. En su dictamen la referida agencia plasmó las siguientes determinaciones de hechos:

1. En julio de 2019, la parte querellante adquirió, a un costo aproximado de $1,300.00, un calentador solar de 120 galones con dos placas solares. La instalación del equipo no fue realizada por la parte querellada; la parte querellante contrató a un tercero para la instalación del calentador.
2. Desde hace aproximadamente dos años que las placas dejaron de funcionar.
3. Con el paso del Huracán Fiona en septiembre de 2022, se dañó la válvula del calentador.
4. Además, el tanque del calentador está explotado por la parte de afuera.
5. El 24 de marzo de 2023, la querellante pagó $100.00 a la parte querellada para que le diera mantenimiento al calentador solar. El mantenimiento consistió en cambio de relieve de válvula, termostato, resistencia, insulaciones y flus[h]ing.
6. Antes de este mantenimiento la parte querellante se limitó a limpiar las placas solares.
7. La parte querellante no proveyó copia de la orden de compra. La razón ofrecida por la querellante es que la misma fue entregada al tribunal como evidencia de los gastos realizados por esta como tutora de su madre. Sin embargo, a preguntas

de este Departamento indicó que las condiciones del mantenimiento eran iguales a las contenidas en la factura número 12840, otorgada cuando recibió el servicio de mantenimiento.

8. Según las condiciones de mantenimiento, el calentador solar requiere un mantenimiento anual que consiste en cambio de relieve de válvula, termostato, resistencia, insulaciones y flushing.

9. Además, en cuanto a la garantía del producto, la misma no cubre daños como consecuencia de actos de la naturaleza y/o de vandalismo sobre los cuales Professional Solar Service no tiene control.

10. Finalmente advierte que, para poder honrar las garantías, cada equipo requiere mantenimiento anual, de lo contrario pierde la misma.

11. Desde la adquisición del calentador la querellante debió brindarle al menos cuatro servicios de mantenimiento al ca[le]ntador, según requeridos en la orden de compra.

12. La querellante llamó a la parte querellada para que repararan la válvula en garantía, pero le negaron la reparación debido a que habían pasado dos años y no se le había dado mantenimiento por lo que no le podían honrar [la] garantía.

13. La querellante solicita la devolución del dinero pagado por el calentador.

Inconforme, el 9 de julio de 2024, la señora Rivera Vázquez presentó una *Solicitud de reconsideración* ante el propio DACo, que resultó rechazada de plano. Es así como, el 7 de agosto de 2024, esta compareció ante nosotros por derecho propio, presentando un recurso de *revisión judicial,* que intituló *Apelación Caso DACO.*[1] Al examinar dicho *recurso,* compuesto por un solo folio con tres párrafos, la querellante aludió a la *Resolución* recurrida, para entonces afirmar que se sostenía *en todo lo expuesto en Moción de Reconsideración* presentada ante el DACO, que incluyó en el apéndice.

Ante el evidente hecho de que el descrito *recurso de revisión judicial* no cumplía con los requisitos mínimos dispuestos en la Regla 59 (B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, Regla 59 (B) y (C), para su perfeccionamiento, emitimos una *Resolución* el 23 de agosto de 2024, concediéndole un término de cinco (5) días, contados a partir de su notificación, para que la señora Rivera Vázquez lo perfeccionara, presentando lo siguiente:

1. Un índice del recurso.

---

[11] A todas luces, advirtiendo el error en la identificación del recurso, Secretaría de este Tribunal llevó a cabo la debida tramitación e identificación alfanumérica.

2. Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.
3. Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, la agencia recurrida.
4. Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

Luego, el 25 de septiembre de 2024, emitimos otra *Resolución,* esta vez dirigida a la parte recurrida, concediéndole quince (15) días para que se expresara respecto al recurso presentado en su contra. Si embargo, esta parte nunca compareció.

Entonces, el 22 de octubre de 2024, al percatarnos de que la señora Rivera Vázquez no había cumplido con nuestra *Orden* de 23 de agosto de 2024 para que perfeccionara el recurso, en ánimos de procurar resolver la controversia presentada en sus méritos y conceder acceso a la justicia a una persona que comparece por derecho propio, el 22 de octubre de 2024 le ordenamos al DACo que nos proveyera copia del expediente administrativo.

En cumplimiento, el 30 de octubre de 2024, el DACo compareció sometiendo copia certificada del expediente que se le requirió.

## I. Exposición de Derecho

a.

En lo pertinente a los requisitos de forma y contenido necesarios para el perfeccionamiento de un recurso de *revisión judicial,* la Regla 59 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, Regla 59, establece lo siguiente:

Regla 59 — Contenido del recurso de revisión

El escrito de revisión contendrá:

[…]

**(B) Índice**

Inmediatamente después, **habrá un índice detallado del recurso y de las autoridades citadas conforme a lo dispuesto en la Regla 75 de este Reglamento.**

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

**(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.**

**(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.**

**(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.**

(g) La súplica.

(2) **El recurso de revisión será el alegato de la parte recurrente. No se permitirá la presentación de un alegato o memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo de los recursos de revisión**.

(3) **En caso de que en el recurso de revisión se plantee alguna cuestión relacionada con errores en la apreciación de la prueba o con la suficiencia de ésta, la parte recurrente procederá conforme se dispone en la Regla 76**.

(D) Número de páginas.

El recurso de revisión no excederá de veinticinco páginas, exclusive de la certificación de notificación, del índice y del Apéndice, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D).

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativa, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o *motu proprio*, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos. La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso.

(3) El Apéndice solo contendrá copias de documentos que formen parte del expediente original ante el foro administrativo. Cuando la parte recurrente plantee como error la exclusión indebida de alguna prueba, incluirá en un Apéndice separado copia de la prueba ofrecida y no admitida.

(4) Todas las páginas del Apéndice se numerarán consecutivamente. Los documentos se organizarán en orden cronológico. Además, el Apéndice contendrá un índice que indicará la página en que aparece cada documento.

(Énfasis provisto).

Nuestro alto Foro ha requerido el cumplimiento fiel y estricto con las disposiciones reglamentarias citadas. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011); *Arraiga v. FSE,* 145 DPR 122, 130 (1998). Ello debido a que de esta forma se coloca a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. *Soto Pino v. Uno Radio Group,* supra.

Conforme ha sido resuelto por nuestro Tribunal Supremo, los recursos apelativos no son automáticos, pues requieren una notificación, un diligenciamiento y su perfeccionamiento. Véase *Morán v. Marti,* 165 DPR 356, 367 (2005). Además, debemos tomar en consideración que se presume la corrección de las determinaciones de los tribunales. *Íd.* Dicha presunción

de corrección se extiende a las determinaciones de las agencias administrativas, pues éstas poseen el conocimiento especializado sobre los asuntos que estatutariamente le han sido encomendados. *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744 (2012); *Torres Santiago v. Dpto. Justicia*, 181 DPR 969, 1002 (2011); *Mun. de San Juan v. CRIM*, 178 DPR 163, 175 (2010). Como resultado, la parte que comparece ante el Tribunal de Apelaciones tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones. *Morán v. Marti*, supra. De esta forma se coloca a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. *Soto Pino v. Uno Radio Group,* supra*.*

En consonancia, nuestra última instancia judicial expresó en *Hernández Jiménez v. AEE,* 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores. Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.

El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera,* 197 DPR 636, 641 (2017).

No obstante, lo anterior debe ser visto a la luz de la Regla 12.1 del mismo Reglamento, 4 LPRA Ap. XXII-B, Regla 12.1, la cual establece que las disposiciones sobre requisitos de forma deberán interpretarse de forma que se reduzcan al mínimo las desestimaciones de los recursos. Continúa la referida Regla disponiendo que "[p]or causa debidamente justificada, el Tribunal de Apelaciones deberá proveer una oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes". En definitiva, en los casos en que incumplir con el Reglamento del Tribunal de Apelaciones, *supra,* no impide que este foro

determine su jurisdicción y los méritos de la controversia planteada, se debe proveer a la parte recurrente un término razonable, que usualmente no debe exceder de cinco días, a partir de la notificación del tribunal apelativo, para subsanar el incumplimiento reglamentario, en lugar de desestimar el recurso. *Salinas v. SLG Alonso*, 160 DPR 647, 651 (2003).

b.

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, (Ley Núm. 38-2017 o LPAU), según enmendada, 3 LPRA sec. 9601 *et seq.*, establece el alcance de la revisión judicial sobre las determinaciones de las agencias. Sobre ello, es norma de derecho claramente establecida que los tribunales apelativos han de conceder gran deferencia y consideraciones a las decisiones de los organismos administrativos en vista de la vasta experiencia y conocimiento especializado. *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 126 (2019). Por lo tanto, los tribunales debemos ser cautelosos al intervenir con las decisiones administrativas. *Metropolitana, SE v. ARPE,* 138 DPR 200, 213 (1995); *Viajes Gallardo v. Clavell,* 131 DPR 275, 290 (1992).

En consonancia, las decisiones de los foros administrativos están investidas de una presunción de regularidad y corrección. *García Reyes v. Cruz Auto Corp.,* 173 DPR 870, 892 (2008). **La presunción de corrección que acarrea una decisión administrativa deberá sostenerse por los tribunales, a menos que la misma logre ser derrotada mediante la identificación de evidencia en contrario que obre en el expediente administrativo**. (Énfasis provisto). *Misión Ind. PR v. JP,* 146 DPR 64, 130 (1998).

Al momento de revisar una decisión administrativa el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia. *Rebollo v. Yiyi Motors,* 161 DPR 69, 76 (2004). Conforme a la cual, habrá que determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción. *Mun.*

*de San Juan v. CRIM*, 178 DPR 163, 175 (2010). Por tanto, la revisión judicial de una determinación administrativa se circunscribe a determinar si: (1) el remedio concedido por la agencia fue apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo, y (3) las conclusiones de derecho fueron correctas. Sec. 4.5 de la Ley Núm. 38-2017, 3 LPRA sec. 9675; *Torres Rivera v. Policía de PR*, 196 DPR 606, 626-627 (2016).

Por otra parte, nuestro Tribunal Supremo ha identificado circunstancias en que corresponde no observar tal deferencia. En específico, reconoció que la referida deferencia a las determinaciones administrativas cederá cuando: (1) la decisión no está basada en evidencia sustancial; (2) el organismo administrativo erró en la aplicación de la ley, y (3) medió una actuación irrazonable o ilegal. *Acarón, et. al v. DRNA,* 186 DPR 564, 584 (2012)*; Costa Azul v. Comisión,* 170 DPR 847, 852 (2007).

## II. Aplicación del derecho a los hechos

Según advertimos, ha sido reiterado que las normas que rigen el perfeccionamiento de los recursos apelativos deberán observarse rigurosamente. Específicamente, nuestro Tribunal Supremo ha zanjado que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales. *Febles v. Román*, 159 DPR 714, 722 (2003).

Recalcado lo anterior, nos sigue resultando evidente que el recurso de *revisión judicial* bajo examen no cumple con los requisitos mínimos que exige la Regla 59 de nuestro Reglamento, *supra,* para considerarse perfeccionado. Entre los varios incumplimientos reglamentarios, la parte recurrente no incluyó: un índice del recurso; una relación fiel y concisa de los hechos procesales y materiales del caso; el señalamiento breve y conciso de los errores que, a su juicio, cometiera el DACo; la discusión sustantiva de los señalamientos de error, (ni siquiera fueron

incluidos señalamientos de error). Asimismo, la recurrente incumplió con la sumisión de un apéndice que incluyera los documentos relevantes que forman parte del expediente original del DACo, a los fines de evaluar los méritos de la controversia.

La referencia que hizo la parte recurrente en su recurso de *revisión judicial* a la *Moción de reconsideración* que instó ante el DACo, con el propósito de que obtuviéramos de ella la discusión de los asuntos que pretendía que revisáramos en el dictamen recurrido, no está contemplada por nuestro Reglamento, por lo que acceder a tal pretensión constituiría un acto no autorizado por las normas que rigen la práctica apelativa. En este sentido, la recurrente no podía descansar en la discusión que realizó en la referida *Moción de reconsideración* como sustituto del recurso de *revisión judicial.* Regla 59(C)(2) del Reglamento del Tribunal de Apelaciones, *supra.* Este solo factor era suficiente en derecho para desestimar el recurso presentado.

A pesar de que el recurso de epígrafe adolece de serias fallas formales, valga subrayar que, en aras de promover el acceso a la justicia, y antes de desestimarlo por motivo de los incumplimientos reglamentarios, le concedimos un término de cinco (5) días a la señora Rivera Vázquez, con referencia específica a las formalidades necesarias para perfeccionarlo. Sin embargo, habiendo transcurrido en exceso de noventa días el término concedido, aun la parte recurrente no ha comparecido a tales efectos.

Con todo y lo descrito en los párrafos que preceden, ordenamos al DACo a proveernos copia del expediente administrativo, para tratar de suplir las deficiencias en el perfeccionamiento del recurso ya discutidas. Aunque obtuvimos la copia del referido expediente, según ordenado, tampoco nos resulta dable revisar la *Resolución* recurrida porque, además de los incumplimientos reglamentarios, la recurrente pretende que discutamos determinaciones de hechos alcanzadas por el foro administrativo en la que, a todas luces, intervino el sopesar de prueba

testifical, junto a prueba documental, sin que nos proveyera algún tipo de reproducción del primer tipo de prueba. Los tribunales apelativos no deben intervenir con la apreciación de la prueba oral hecha por la agencia administrativa, cuando no se tiene forma de evaluar la evidencia presentada debido a que la parte promovente no elevó una transcripción o una exposición narrativa de la prueba. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 129 (2019).

En definitiva, por mucho que concedimos oportunidades a la recurrente para que nos pusiera en posición de revisar la determinación administrativa recurrida, dicha parte falló en ello. Aunque es cierto que este Tribunal de Apelaciones debe verificar las avenidas posibles para tratar de decidir los casos en los méritos antes de desestimar, *Salinas v. SLG Alonso*, 160 DPR 647 (2003), también lo es que corresponde a la parte promovente del recurso la responsabilidad de colocar en posición a este Foro intermedio de adjudicar. *Dado a la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, estas deben ser respetadas mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas. Para así lograrlo, corresponde a la parte que las cuestiona demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba presentada que tuvo ante su consideración. Graciani Rodríguez v. Garage Isla Verde*, supra, 128-129. A lo que se añade que en nuestra jurisdicción rige el principio general de que el derecho apelativo, al igual que el derecho general, es rogado. *Cestero Aguilar v. Jta. Dir. Condominio*, 184 DPR 1, 22 (2011).

Finalmente, conviene señalar que, en el esfuerzo de este Tribunal por ver los casos en sus méritos, no puede convertirse en parte al tratar de suplir todas las carencias presentadas en un recurso apelativo (de *revisión*

*judicial* en este caso), pues ello daría al traste con nuestra función judicial principalísima de ser adjudicadores imparciales.

**III. Parte dispositiva**

Por los fundamentos que anteceden, determinamos desestimar el recurso presentado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones