Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**KEYVIN PEREZ ROSADO**<br><br>Peticionario | TA2025CE00115 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm.:<br>**ISCR202000522**<br><br>Sobre: Aranceles |
|---|---|---|

Panel integrado por su presidenta la Jueza Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de agosto de 2025.

Comparece ante nos Keyvin Pérez Rosado, en adelante, Pérez Rosado o peticionario, solicitando que revisemos la determinación del Tribunal de Primera Instancia, Sala Superior de Mayagüez, en adelante TPI-Mayagüez, del 10 de junio de 2025, en la que alegadamente, se le denegó su solicitud de eximirle del pago de aranceles.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso de autos.

**I.**

El recurso que nos ocupa no contiene un apéndice, por lo que los hechos aquí reseñados surgen únicamente de los escritos presentados ante este Foro.

Según Pérez Rosado, este se encuentra cumpliendo una sentencia desde el año 2020 en el Centro de Detención del Oeste. Aduce que, durante este tiempo, ha logrado un ajuste excelente, y que pronto será evaluado por la Junta de Libertad Bajo Palabra.

Aunque el escrito del peticionario no es claro, una simple interpretación de este Tribunal nos lleva a concluir que este le solicitó al TPI-Mayagüez que lo relevara del pago de la pena especial, conforme a la Ley para la Imposición de la Pena Especial del Código Penal de Puerto Rico, Ley 34-2021, 4 LPRA sec. 1661 et seq. Según Pérez Rosado, el Foro Apelado declaró *"No Ha Lugar"* su petición el 10 de junio de 2025.

Inconforme, el 20 de junio de 2025, el peticionario recurrió ante esta Curia, para que concedamos la petición que realizó en el Foro Primario.

El 6 de agosto de 2025, emitimos una "Resolución" en la que concedimos hasta el 15 de agosto de 2025 para que Pérez Rosado presentara ante nos el dictamen recurrido, conforme a los dispuesto en la Regla 34(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 52, 215 DPR ___ (2025). Además, concedimos al Procurador General de Puerto Rico, en adelante, Procurador, hasta el 18 de agosto de 2025 para que expresara su posición en cuanto al recurso.

Así las cosas, el 18 de agosto de 2025, el Procurador radicó una *"Solicitud de Desestimación"*. En la misma, arguyó que el peticionario no incluyó información *sine qua non* para disponer del recurso. Transcurrido el término concedido a Pérez Rosado para subsanar las deficiencias de su petición, procedemos a expresarnos.

**II.**

**A. Certiorari**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Pueblo v. Guadalupe Rivera*, 206 DPR

616, 632 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

*BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y

que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Pueblo v. Custodio Colón*, supra, pág. 589; *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). (Énfasis suplido).

### B. Jurisdicción

La jurisdicción de un Tribunal consiste en la autoridad o facultad que tiene para atender y adjudicar una controversia. *Greene y otros v. Biase y otros*, 2025 TSPR 83, 216 DPR ___ 2025; *Mun. Río Grande v. Adq. Finca et al.*, 2025 TSPR 36, 215 DPR ___ (2025); *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 214 DPR ___ (2024); *Mun. Aguada v. W. Const. y Recovery Finance,* 2024 TSPR 69, 214 DPR ___ (2024); *R&B Power Inc. v. Junta de Subasta ASG*, 213 DPR 685, 698 (2024); *Matos, Sostre v. Registradora*, 213 DPR 348, 354 (2023); *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012). Los asuntos relevantes a la jurisdicción requieren prontitud y preferencia en su manejo. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233–234 (2014); *Muns. Aguada y Aguadilla v. JCA*, 190 DPR 122, 131 (2014); *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). Por eso, es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción, pues no tienen discreción para asumir jurisdicción allí donde no la tienen. *Mun. Aguada v. W. Const. y Recovery Finance,* supra, pág. 698; *Peerless Oil v. Hnos. Torres Pérez*, supra, pág. 250, citando a *SLG. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

Por su severidad y las graves repercusiones que redundan para el promovente de una causa de acción, la desestimación de un recurso apelativo constituye una sanción de último recurso. *Salinas v. S.L.G. Alonso,* 160 DPR 647, 656 (2003). Por ello, cuando el foro intermedio pretende aplicar dicho mecanismo a un recurso sometido a su consideración, debe ponderar su proceder y cerciorarse de que el incumplimiento del apelante ha constituido un impedimento real para el ejercicio efectivo de su función revisora.

***La falta de jurisdicción es un defecto que no puede ser subsanado.*** *Freire Ruiz et al. v. Morales, Hernández,* supra; *Lozada Sánchez et al. v. JCA.,* 184 DPR 898, 909 (2012). Nuestro Alto Foro ha expresado que, ante la ausencia de jurisdicción, la única vía en derecho es así declararlo y desestimar el caso. *Mun. Aguada v. W. Const. y Recovery Finance,* supra; *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

Relativo al caso de autos, la Regla 83 del Reglamento del Tribunal de Apelaciones, supra, pág. 109, dispone que:

> [...]
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> 1. ***que el Tribunal de Apelaciones carece de jurisdicción;***
> 2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> 3. que no se ha presentado o proseguido con diligencia o buena fe;
> 4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
> 5. que el recurso se ha convertido en académico.
>
> *Freire Ruiz et al. v. Morales, Hernández,* supra.
> (Énfasis suplido).

Es por esto, que las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse de manera rigurosa. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

### C. Perfeccionamiento de los recursos

En nuestro ordenamiento jurídico se le reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior. *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 589 (2019). Tal derecho, sin embargo, está sujeto a limitaciones legales y reglamentarias, entre las que se encuentra su correcto perfeccionamiento. *Id.*

De otra parte, es harto conocido que las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Freire Ruiz et al. v. Morales, Hernández,* supra; *Isleta v. Inversiones Isleta Marina*, supra, pág. 590; *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). Es por ello, que, ante el rigor requerido, se autoriza la desestimación de aquel recurso que incumpla con las disposiciones reglamentarias de fondo y forma. *Íd.* Sin embargo, dado a la severidad de esta sanción, los tribunales deberán cerciorarse primero de que el incumplimiento haya provocado un impedimento real y meritorio para atender el caso en los méritos. *Román et als v. Román et als*, 158 DPR 163, 167-168 (2002).

En cuanto a las disposiciones reglamentarias antes aludidas, es de particular importancia para el caso de autos la Regla 34 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 51, 215 DPR ___ (2025); que establece cuál es el contenido que deberá tener el recurso de *certiorari*. La precitada reza de la siguiente manera:

(1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

[…]

(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari.*

[…]

(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.

(e) ***Un señalamiento breve y conciso de los errores*** que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

(Énfasis nuestro).

Más adelante, la misma Regla dispone, en lo pertinente al caso de epígrafe, que los recursos de esta naturaleza deberán contener un Apéndice que cuente, entre otros, con lo siguiente:

(b) ***La decisión del Tribunal de Primera Instancia cuya revisión se solicita***, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari,* y la notificación del archivo en autos de una copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari,* o que sean relevantes a esta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

Es doctrina reiterada que las partes, inclusive *los compareciernes por derecho propio* deben cumplir con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos y que su incumplimiento puede dar lugar a la desestimación. *Pueblo v. Román Martir*, 169 DPR 809, 822 (2007); *Córdova v. Larín*, 151 DPR 192, 195-198 (2000); *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 13 (2000). Sobre el particular, el Tribunal Supremo ha expresado:

> En primer lugar, es necesario aclarar que *el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales.* Al igual que en el pasado quisimos evitar que litigantes perdidosos postergaran indefinidamente la adjudicación final y firme de los casos con la presentación de una moción de reconsideración, ahora debemos evitar que las partes utilicen la comparecencia por derecho propio como subterfugio para no cumplir con las normas procesales, especialmente aquellas que establecen términos jurisdiccionales o de cumplimiento estricto.
>
> *Febles v. Romar*, 159 DPR 714, 722 (2003).
> (Énfasis nuestro).

### III.

Pérez Rosado presentó ante esta Curia un petitorio, a través de un corto escrito, que con dificultad alcanzamos a descifrar. El mismo no contiene anejos, ni un apéndice en propiedad. Nuestro reglamento permite que, a *motu proprio*, permitamos a los peticionarios con recursos insuficientes, subsanar los mismos en un término designado. En el caso de autos, le concedimos a Pérez Rosado hasta el 15 de agosto de 2025, para complementar su recurso con la documentación necesaria, especialmente para el dictamen recurrido.

El peticionario **no cumplió**, imposibilitando así el perfeccionamiento del caso de marras, y vedándonos así de la facultad para atenderlo. Pérez Rosado incumplió con los parámetros reglamentarios requeridos para el debido perfeccionamiento de un

*certiorari.* Las deficiencias del mismo no son mínimas o insignificantes. Nuestro expediente no cuenta con la resolución sobre la cual evaluamos nuestra jurisdicción para atenderlo. El recurso no tiene un claro recuento de los hechos, ni los errores apuntalados. Es decir, el escrito no nos posiciona adecuadamente para evaluar la solicitud del peticionario, ni sus fundamentos en derecho.

Además, de modo jurisprudencial se ha expresado que el hecho de que las partes comparezcan por derecho propio no es óbice para cumplir con las reglas procesales.

**IV.**

Por todo lo cual, desestimamos este *certiorari,* por falta de jurisdicción, por no haberse perfeccionado el recurso de autos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones